IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. SCUDDER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 12-3363-CV-S-RED |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). After careful consideration, the Court **DENIES** this motion.

## BACKGROUND

On January 8, 2010, Movant entered into a plea agreement with the government. On June 29, 2010 Movant's original plea agreement was revised and he entered into this revised plea agreement with the government. Movant ultimately pleaded guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and was sentenced to 188 months of imprisonment. Movant appealed his sentence and his sentence was affirmed on appeal.

## DECISION

Movant's § 2255 motion sets forth the following arguments: (1) that Movant's Sixth Amendment right was violated as he was not informed of the nature and cause of the accusation brought against him; (2) that this Court did not have subject matter jurisdiction over the offense of which he was convicted; (3) that the sentencing guidelines were misapplied to his case as he was erroneously categorized as an armed career criminal; (4) that the charging statute was

unconstitutionally vague; (5) that the Court proceeded without subject matter jurisdiction; and (6) that he was denied effective assistance of counsel.

**I.      Movant's plea agreement bars four of his arguments for relief.**

The plea agreement that Movant entered into states:

> a.      The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.
>
> b.      The defendant retains his right to appeal any Sentencing Guidelines issues that have not been agreed upon by the parties.  The Court's determination as to whether the defendant qualifies as an armed career criminal pursuant to 18 U.S.C. § 924(e) is an issue which has not been agreed upon by the parties and the defendant retains the right to appeal as to that issue.  However, the defendant otherwise expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence.  An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.  However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement. (Doc. 31, p. 10-11).

Movant argues that his Sixth Amendment right was violated as he was not informed of the nature and cause of the accusation brought against him; that this Court did not have subject matter jurisdiction over the offense of which he was convicted; that the sentencing guidelines were misapplied to his case as he was erroneously categorized as an armed career criminal; that the charging statute was unconstitutionally vague; that the Court proceeded without subject matter jurisdiction; and that he was denied effective assistance of counsel.  Accordingly, Movant's plea agreement bars all of his arguments except his argument concerning his categorization as an armed

career criminal and whether he was denied effective assistance of counsel.[1] Accordingly, the Court finds that all of Movant's arguments which are barred by his plea agreement are insufficient bases for relief.

## II. Movant's argument concerning his categorization as an armed career criminal is barred as it was decided on appeal.

Movant additionally argues that the sentencing guidelines were misapplied to his case as he was erroneously categorized as an armed career criminal. Movant brought a direct appeal to the Eighth Circuit and, in this direct appeal, argued that his two prior convictions for felony child molestation were not predicate violent felonies under the Armed Career Criminal Act. The Eighth Circuit denied this argument on appeal and affirmed Movant's sentence. This is the same argument Movant sets forth in his § 2255 motion. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *U.S. v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (citing *Anderson v. U.S.*, 619 F.2d 772, 773 (8th Cir. 1980)); *See also Davis v. U.S.*, 673 F.3d 849, 852 (8th Cir. 2012) (concluding that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255). Accordingly, Movant's argument regarding his categorization as an armed career criminal cannot be relitigated in his § 2255 motion and, thus, is an insufficient base for relief.

## III. Movant does not set forth a sufficient claim for ineffective assistance of counsel.

Movant further argues that he received ineffective assistance of counsel as his counsel did

---

[1] The Court notes that even if Movant would not have entered into this plea agreement, his claims could have only been raised on direct appeal. *See U.S. v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995) ("Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal. To the fullest extent possible, all arguments, even constitutional or jurisdictional ones . . ., should be made at trial and on direct appeal.").

3

not allow him to control and manage his own affairs in his case and, further, as his counsel did not challenge the alleged defects in the indictment, the jurisdiction of the court, and the constitutionality of the charging statute.

To prevail on an ineffective assistance of counsel claim, a movant must show: "(1) that his attorney's performance was deficient, falling below professional standards of competence; and (2) that the deficient performance prejudiced his defense." *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). When evaluating a claim of ineffective assistance, the Court applies an objective standard of reasonableness and "[a] strong presumption exists that defense counsel provided effective assistance." *French v. U.S.*, 76 F.3d 186, 188 (8th Cir. 1996). Moreover, when determining whether counsel's actions prejudiced a movant, the movant "carries the burden 'to affirmatively prove prejudice, which requires proof that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *Id.* (quoting *United States v. Thomas*, 992 F.2d 201, 205 (8th Cir. 1995)). A "reasonable probability" is one which is "'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland* at 694). Furthermore, a court may examine the prejudice aspect of an ineffective assistance of counsel claim without first determining whether counsel's representation was actually ineffective. *McCann v. Armontrout*, 973 F.2d 655, 660 (8th Cir. 1992) (citing *Strickland* at 697).

First, Movant has failed to demonstrate that he suffered prejudice from his counsel's alleged failure as he has neither argued prejudice nor set forth any evidence indicating that he has suffered prejudice. Accordingly, Movant has not set forth proof that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and,

4

thus, has failed to establish the second element of an ineffective assistance of counsel claim. Accordingly, Movant's ineffective assistance of counsel argument is unsuccessful.

Moreover, even if Movant were to establish prejudice, he does not set forth facts indicating that his counsel was ineffective. Movant argues that his counsel did not allow him to "control" his case and, thus, was ineffective. From his brief, it appears that Movant argues that his counsel was ineffective as she did not bring the arguments Movant currently sets forth before the Court during his original criminal proceeding. However, these arguments that Movant sets before the Court are meritless. First, it is clear that the indictment sets forth a clear description of the crime to which Movant plead guilty. Movant's superceding indictment not only listed the statutes which concerned his alleged violations but also set forth a short description of each offense (i.e. "defendant, having been convicted of a crime which is punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce a firearm, to wit, a Glock, Model 23, .40 caliber pistol, serial number LSD055, and ammunition"). Second, the district court had jurisdiction over his case as the superceding indictment indicates that the relevant crimes, which included the violation of § 922(g)(1), occurred in Howell County, Western District of Missouri and the district court has jurisdiction over violations of § 922(g). *See* 18 U.S.C. § 3231. The Court also notes that Movant argues that there was never "proof of an interstate transaction"; however, Movant's plea agreement specifically states that "the pistol has traveled in interstate commerce." (Doc. 31, p. 2). Furthermore, Movant's counsel was not defective when it did not challenge the constitutionality of § 922(g)(1), the statute under which Movant was convicted, as the Eighth Circuit has already considered this argument and rejected it. *U.S. v. Bates*, 77 F.3d 1101, 1104-05 (8th Cir. 1996) (finding the application of § 922(g)(1) constitutional with regard to an individual who was charged

5

with being a felon in possession of a firearm). Additionally, it is well established that § 922(g) does not violate Movant's Second Amendment right to bear arms. *See United States v. Seay*, 620 F.3d 919, 924 (8th Cir. 2010). Finally, Movant argues the Court proceeded without subject matter jurisdiction when it sentenced him as the regulations implementing § 922(g) were not published in the Federal Register; however, the Federal Register requirements do not apply to criminal statutes and, thus, Movant's counsel was not ineffective when it did not set forth this argument. *See* 44 U.S.C. § 1505(a). Therefore, all of the arguments that Movant states his counsel should have raised are meritless and, thus, Movant has failed to show that his trial counsel's performance was defective. Accordingly, for the above stated reasons, Movant's argument that he received ineffective assistance of counsel is also an insufficient basis for relief.

**IV.     The Court does not need to hold an evidentiary hearing.**

"A [movant] is entitled to a hearing on a § 2255 motion unless the motion, files, and record conclusively show that the [movant] is not entitled to relief. A § 2255 motion can be dismissed without a hearing if (1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *U.S. v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005). As illustrated above, Movant's claims, even if accepted as true, would not entitle him to relief. Accordingly, Movant is not entitled to an evidentiary hearing on his § 2255 motion.

**V.     The Court will not grant Movant a certificate of appealability.**

Finally, a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" 28 U.S.C. § 2253(c)(2) or if "reasonable

6

Case 6:12-cv-03363-RED   Document 8   Filed 11/15/12   Page 6 of 7

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniels*, 529 U.S. 473, 484 (2000). As set forth above, Movant's arguments are either meritless or conclusory and, thus, do not warrant a certificate of appealability. Therefore, the Court will not issue a certificate of appealability on any ground.

## CONCLUSION

For the reasons set forth above, Movant's motion is **DENIED**. The Clerk of the Court is directed to mail a copy of this Order via certified mail, return receipt requested, at: James A. Scudder, 21627-045, Yazoo City Low Federal Corrections Institution, P.O. Box 5000, Yazoo City, MS, 39194.

**IT IS SO ORDERED.**

DATED: November 15, 2012  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT